IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joevaughn Leon Meredith, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-09189-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mindy Hervey Lipinski, | ) | |
| *Head Public Defender*, and State of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Joevaughn Meredith, proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action pursuant to 42 U.S.C. § 1983, (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action without issuance and service of process and without leave to amend. (ECF No. 10). Plaintiff filed what has been docketed as objections to the Report, (ECF No. 12), and this matter is ripe for review.

### STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report ***to which a specific objection*** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

1

§ 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff brought this action against Mindy Lipinski and the State of South Carolina setting forth a number of allegations discussed in the Report. (ECF Nos. 1, 10). After the magistrate judge issued his Report, Plaintiff filed what he captioned as "Response to R&R 'Amend Complaint,' Solicitor Cindy Crick at 305 East North St. Greenville SC & Attorney General Alan Wilson at P.O. Box 11549, Columbia SC 29211." (ECF No. 12). Therein, Plaintiff does not mention any of the named defendants or address any of the magistrate judge's findings or recommendations in the Report. *Id*. Instead, Plaintiff attempts to file a new complaint raising new allegations against individuals not named in this action and seeking injunctive relief and a declaration as to whether his civil rights are being violated under 42 U.S.C. § 1981 and 42 U.S.C. § 1985. *Id*. Plaintiff also requests the court mail him a 28 U.S.C. § 2241 form. *Id*.

Because Plaintiff does not object to any of the magistrate judge's findings and recommendations, the court must only review the recommendation in the Report for clear error. Having found none, the court adopts the Report and dismisses this action without issuance and service or process and without leave to amend. Thus, Plaintiff's document contains no substantive objection to the Report. Plaintiff cannot amend his complaint in an objection to the Report. Rather, the proper course is to move to amend the complaint or file an action to address allegations against new parties. *See Eleazu v. Bernard*, No. 3:20-cv-02706-JMC, 2021 WL 4298511, at *7 (D.S.C. Sept. 27, 2021) ("Plaintiff cannot amend his Complaint . . . in objection to the Magistrate Judge's Report and Recommendation").

## CONCLUSION

The court **ADOPTS** the magistrate judge's Report, (ECF No. 10), and this action is hereby dismissed without issuance and service of process and without leave to amend. Along with a copy of this order, the Clerk's Office is directed to also mail Plaintiff a new complaint form in the event he wishes to pursue the claims set forth in his response to the Report as well as a 28 U.S.C. § 2241 form. The court renders no opinion as to the merits of those claims at this time.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
October 2, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.